IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEVON L. LYONS,
    Plaintiff,

vs.                                       Case No. 3:07cv86/LAC/EMT

OFFICER FIELDS, et al.,
    Defendants.
_____/

## **ORDER**

        Plaintiff, an inmate proceeding pro se, has filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 12).  Leave to proceed in forma pauperis has been granted (*see* Doc. 10). Plaintiff names four Defendants in this action: Officer Fields, Officer Brasseur, Officer Andrus, and the Okaloosa County Department of Corrections ("Jail") (Doc. 12 at 1, 2).  Plaintiff alleges that Officer Fields, Officer Brasseur, and Officer Andrus violated his Eighth Amendment rights by using excessive force as a means of cruel and unusual punishment (*see id.* at 6,7).

        In factual support of his complaint, Plaintiff claims that he was delivered to the Jail at about 2:15 a.m. on January 31, 2007 (Doc. 12 at 5).  Plaintiff alleges that he was advised he would be strip searched because he was charged with possession of cocaine and paraphernalia (*id.*).  As he was undressing, Plaintiff alleges Officer Fields and Officer Brassaur began laughing at him, and Officer Fields said "turn around and cough" (*id.*).  He alleges he told the officers "no!" and said "you see that I don't have anything on me[,] so why? [sic] should I do all that" (*id.*).  Then, Plaintiff states that he refused the rest of the search and began to dress himself again (*id.*).   Next, Plaintiff alleges that Officer Fields reached over and grabbed his underwear away from him throwing him off-balance (*id.*).  Plaintiff claims that he fell over Officer Fields's shoulder, and then Officers Fields and Brasseur attacked him (*id.*).  Plaintiff claims that Officers Fields and Brasseur banged his head against the wall and kneed him in the back (*id.*).  Plaintiff claims he then exclaimed, "I slipped, I

slipped!" (*id.*). Plaintiff claims that Officers Fields and Brasseur continued to hit him and knee him in the back (*id.*). Plaintiff further alleges that Officer Brasseur called for help, and Officer Andrus rushed into the room and punched Plaintiff three times in the mouth and once in the neck (*id.*). Plaintiff states that he thought the officers were going to beat him to death (*id.*). Finally, Plaintiff alleges that Sgt. Swanson came into the room and said "let [him] up and give him a uniform to put on" (*id.* at 6). Plaintiff was then booked and claims that his identification badge shows his swollen lip and head (*id.*). Plaintiff claims that Officer Fields, Officer Brasseur, and Officer Andrus violated his Eighth Amendment rights by using excessive force as a means of cruel and unusual punishment (*id.* at 6, 7). For relief, Plaintiff seeks monetary damages (*id.* at 7).

Initially, Plaintiff again must clarify the Defendants in this matter. The Jail is listed in the style of the case but is not listed as a Defendant in the "Defendants" section of the complaint (*see id.* at 2). Plaintiff was previously advised that the Defendants listed in the style of the case must be the same as those listed in the "Defendants" section of the complaint form. Furthermore, any conduct allegedly engaged in by the Jail is not discussed in the "Facts" section of the amended complaint form (*see id.* at 5–6). Plaintiff is advised that the complaint must contain facts to support a claim against each named Defendant (*see* Doc. 11 at 3).

With regard to the Jail, however, the court notes Plaintiff's claims are subject to dismissal. Florida law does not recognize a jail facility as a legal entity separate and apart from the county or sheriff. *See* Eddy v. City of Miami, 715 F. Supp. 1553, 1556 (S.D. Fla. 1999) (indicating that department which is integral part of local government's policing function is not an entity subject to suit under § 1983); Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (same); Avant v. Rice, Nos. 91-748-CIV-T-17A, 91-1011-CIV-T-17C, 91-1012-CIV-T-17A, 1992 WL 359633, at *6 (M.D. Fla. Nov. 19, 1992) (unpublished opinion) (holding that county jail is not an actionable legal entity because it does not enjoy a separate legal existence independent of the county or the sheriff's office); Mayes v. Elrod, 470 F. Supp. 1188, 1192 (N.D. Ill. 1979) (same). Thus, Plaintiff should drop the Jail (which he has listed as the Okaloosa County Department of Corrections) as a Defendant in this matter.

Plaintiff should carefully review the foregoing to determine whether he desires to proceed with this action. If Plaintiff determines that he does not, he should file with the court a notice of

voluntary dismissal. If Plaintiff chooses to proceed with this action, he must completely fill out a new civil rights complaint form, marking it "**Second Amended Complaint**." Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from his complaint. Plaintiff's request for relief should be limited to only that which he could recover if he succeeds on his claims. Plaintiff is advised that once an amended complaint is filed, all earlier complaints and filings are disregarded. N.D. Fla. Loc. R. 15.1.

Accordingly, it is **ORDERED**:

1. The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use by prisoners in actions under 42 U.S.C. §1983.

2. Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file an amended civil rights complaint, which shall be typed or clearly written, submitted on the court form, and marked "Second Amended Complaint." In the alternative, Plaintiff shall file a notice of voluntary dismissal within the same time period.

3. Failure to comply with this order may result in dismissal of this action.

**DONE AND ORDERED** this 21st day of May 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

Case No.: 3:07cv86/LAC/EMT