**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**


STEVON L. LYONS,
    Plaintiff,

vs.                                                         Case No. 3:07cv86/LAC/EMT

OFFICER FIELDS, et al.,
    Defendants.
_____/


**O R D E R**


    This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated January 13, 2009 (Doc. 66). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Defendants have filed objections (doc. 67). The Court has made a de novo determination of the objections filed, and, having considered them along with Report and Recommendation, determines that the Report and Recommendation should be rejected and summary judgment granted to Defendant Correctional Officers Fields, Brasseur and Andrus.

    The Court adopts and incorporates herein the factual background and exposition of the law as set out in the Magistrate Judge's Report. However, the Court emphasizes the following points: 1) After initially complying with the officers' order to submit to the strip search, Plaintiff verbally refused to comply with their order and began to pull his boxer shorts

up; 2) Whether deliberate or inadvertent, Plaintiff struck Officer Fields when Officer Fields grabbed Plaintiff's undershorts to enforce his order; 3) During the subsequent altercation with the officers, Plaintiff was screaming at the top of his lungs; 4) While Plaintiff claims swelling on his lip and head after the incident, that is the extent of his injury, and after his initial medical exam he required no further medical attention.

While the Court appreciates the Magistrate Judge's analysis, the Court is reminded that "not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992) (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973).  It is a time-honored legal maxim that a mere dispute over the reasonableness of force used in the prison setting is not grounds for a constitutional violation. Moreover, deference must be given to the judgment of prison officials who must maintain order and security in the prison, and this is especially true when the situation calls for split second decision-making during the heat of the moment. *See Whitley v. Albers*, 475 U.S. 312, 322, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986); *Bennett v. Parker*, 898 F.2d 1530, 1533 (11th Cir. 1990).  After applying this deference to the Defendants in this case, the Court finds this factor to tip the scales in favor of summary judgment.

Plaintiff fully admits that during the strip search he verbally refused to comply with the orders of the corrections officers and began to pull up his boxer shorts, also in defiance. Although Plaintiff claims only to have accidentally fallen upon Officer Fields as he intervened, Plaintiff's statements both during and after the altercation demonstrate is awareness that the officers could well have viewed Plaintiff's fall as an act of aggressive striking instead – which in fact the officers corroborate.  Plaintiff also does not deny that the melee continued as the officers were trying to restrain him; in fact, Plaintiff admits he was yelling loudly.

Without question, the officers were within constitutional bounds in using force to gain Plaintiff's compliance and restore order and security to the situation.  The need for force was

significant and immediate, especially at the point Plaintiff was viewed as becoming aggressive, with little time for the officers to reflect. Although Plaintiff may describe their actions in more flagrant terms, using words such as "punch" to describe their actions, his assertions are belied by the fact that his injuries were the kind of minor bruising and bumping one would expect to result from a normal altercation of this type. And, as Defendants point out, the Court indeed should discount Plaintiff's allegations in this regard because of the lack of injury justifies the conclusion that the use of force was minimal. *See Bennett*, 898 F.2d at 1533; *Brown v. Smith*, 813 F.2d 1187, 1189 (11th Cir. 1987); *see also Norman v. Taylor*, 25 F.3d 1259, 1263-64 (4th Cir. 1994) (collecting cases).

Given these circumstances, and considering the *Whitley* factors,[1] the Court finds that amount of force used by Defendants raises only questions of reasonableness. Plaintiff himself seems almost to agree with this conclusion, as he contends that chemical agents, not physical force, should have been used on him to compel compliance with their orders. But this only furthers the point that prison officials often must act under less than ideal conditions, and in recognition of that responsibility, courts should ordinarily defer to their judgment as to how to intervene.

Accordingly, it is now **ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation incorporated by reference in this Order, but the Recommendation is rejected.

2. Defendants' motion for summary judgment (Docs. 42, 64) is **GRANTED**.

3. Consistent with this Order, the Clerk of Court is directed to enter summary judgment in favor of Defendants Officers Dennis Fields, Jr., Dino Brasseur and Robert Andrus. Plaintiff shall take nothing further by this action and goes without day.

---

[1] The five factors announced in *Whitley* are 1) the need for the application of the force, 2) the relationship between this need and the actual amount of force used, 3) the threat as reasonably perceived by the officials, 4) the extent of injury inflicted upon the prisoner, and 5) any efforts made to temper the severity of the use of force. 475 U.S. at 321, 106 S.Ct. at 1085.

4.  The clerk is directed to close this file.

**ORDERED** on this 6th day of March, 2009.

s/ *L.A. Collier*
Lacey A. Collier
Senior United States District Judge
